UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 22-cr-10258-IT |
| ) | |
| TYREEK HALL, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The government submits the instant memorandum in support of its recommendation for 46 months of incarceration for the defendant, Tyreek Hall. This recommendation reflects the seriousness of the offense, and is sufficient but no greater than necessary to accomplish the goals of sentencing.

The defendant in this case possessed a Glock-style 9x19mm caliber privately made firearm ("PMF"), loaded with eight rounds of 9mm ammunition. He had posed with this gun on social media days before his arrest, and when he was arrested with this firearm and ammunition, he did so while having been on parole for *one week,* after early release for his state conviction of assault with a dangerous weapon (a firearm). *See* PSR ¶¶ 9-10, 30. The government recommends, in accordance with the binding plea agreement, that the Court sentence the defendant to 46 months of imprisonment, concurrent with the sentence the defendant receives on his parole violation, along with three years of supervised release.

**I.     ADVISORY SENTENCING GUIDELINES**

On September 29, 2023, the defendant pled guilty to the Indictment, which charged him with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The defendant's sentencing hearing is scheduled for May 6, 2024.

The defendant is responsible for being a prohibited person and possessing the ammunition subsequent to sustaining one prior felony conviction for a crime of violence, and that the offense involved a firearm with a large capacity magazine. His base offense level is 22. PSR ¶ 18.  The defendant is entitled to a three-level acceptance of responsibility reduction. PSR ¶¶ 25-26.  The parties jointly recommend that the total offense level is 19 as set forth in the binding plea agreement. PSR ¶ 27.  The defendant has numerous prior criminal convictions, resulting in eight criminal history points. PSR ¶ 33.  The defendant also committed the instant offense while under a criminal justice sentence, as referenced above, therefore two points are added. PSR ¶ 34.  As a result, the defendant is in criminal history category V. PSR ¶ 35. Based upon a total offense level of 19 and a criminal history category V, the advisory guideline range is 57-71 months. PSR ¶ 70.

II.        SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

The factors set forth in 18 U.S.C. § 3553(a) assist the Court in determining a sentence that is sufficient, but not great than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence for criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant. They also require courts to consider the kinds of sentences available, and the GSR.

Consideration of the § 3553(a) factors demonstrates that a sentence of 46 months, followed by 3 years of supervised release, is sufficient, but not greater than necessary, to meet the goals of sentencing.

### A. Nature of the Offense

The nature and circumstances of this defendant's possession of a dangerous firearm and ammunition, while on state parole, justify a significant sentence of 46 months. In analyzing the defendant's arrest, the Court should consider that he was armed with a loaded PMF (commonly known as a "ghost gun"), while posing with the PMF on social media. Along with the inherent risks posed by his carrying this firearm, he was arrested on June 9, 2022 with that PMF, loaded with ammunition, having been on parole [1] for all of seven days for a separate crime of violence involving a firearm.

The threat of guns in modern society is well documented and grows more serious every day. Available research demonstrates that the involvement of guns makes quarrels, robberies, domestic disputes, and other conflicts deadlier. Those engaged in violent crime in the United States are not more intent on killing compared to their counterparts in other nations, they merely have better access to powerful tools that make death a more likely outcome of an assault or conflict. [2] As a result, America has seven times as many firearm homicides as Canada, and nearly 19 times as many as France. [3] The rate of murder or manslaughter by firearm is the

---

[1] The defendant was previously convicted in 2021 on docket 2107cr0820 in the Dorchester District Court. On that case, he was sentenced to 18 months in the house of correction, with 105 days committed and the remainder of the sentence suspended for 2 years. He was violated on his probation, and the remainder of his committed sentence was imposed. He was incarcerated on that matter, until his parole release on or about June 2, 2022.

[2] David M. Hureau & Anthony A. Braga, *The Trade in Tools: The Market for Illicit Guns in High-Risk Networks*, CRIMINOLOGY, volume 56 issue 3, (July 18, 2018), *available at*: https://onlinelibrary.wiley.com/doi/full/10.1111/1745-9125.12187

[3] Katherine Leach-Kemon, Rebecca Sirull & Scott Glenn, *On gun violence, the United States is an outlier*, INSTITUTE FOR HEALTH METRICS AND EVALUATION, (October 31, 2023), *available at*: https://www.healthdata.org/news-events/insights-blog/acting-data/gun-violence-united-states-outlier

highest in the developed world. There were approximately 14,400 deaths as a result of murder or manslaughter involving a firearm in 2019. That is approximately 73% of all homicides for that year.[4] Most gang-related murders and felonies involve illegal guns, according to federal crime data.[5] Illegal guns circulating among high-risk networks present a threat to the security and well-being of urban neighborhoods.  This is especially concerning for the defendant, a repeat offender for firearm-related offenses in Massachusetts, and an individual who has been identified by law enforcement, including from the Boston Police Department and the Franklin County Sherriff's Office, as a known associate of the H-Block Raiders street gang in Boston. The defendant's criminal conduct here and his recent criminal history stand squarely at the intersection of guns and gang activity. The defendant's reoccurring involvement with firearms has created a possible incendiary combination.

### B.  Characteristics of the Defendant

The defendant is 21 years old. PSR ¶ 46. The government recognizes that the defendant had difficulties in his childhood, which led to trauma and mental health treatment, and that he is a young man who acknowledges himself that he spent a lot of time "on the streets" which led him to become involved in the criminal justice system. PSR ¶¶ 46-49.  The defendant has continued to deal with mental health concerns, since childhood, but he is not currently interested in mental health treatment or medications. PSR ¶¶ 57-58. A sentence of 46 months in the custody of the Bureau of Prisons ("BOP") would afford the defendant the opportunity to avail himself to

---

[4] *America's gun culture in charts*, BBC NEWS, (August 9, 2019), *available at*: https://www.bbc.com/news/world-us-canada-41488081

[5] *Gun Violence in America*, NATIONAL INSTITUTE OF JUSTICE, (February 26, 2019), *available at*: https://nij.ojp.gov/topics/articles/gun-violence-america

inmate programs and services including mental health treatment, substance abuse treatment, and vocational training.

The defendant's criminal history includes convictions for assault with a dangerous weapon, as referenced above, for which he received 18 months of incarceration after a violation of probation (PSR ¶ 30); larceny over $1,200, for which he received 241 days of incarceration, (PSR ¶ 31); and possession of class B substance, assault & battery, and threats to commit a crime, for which he received a sentence of 12 months committed (PSR ¶ 32). As referenced previously, he was out on state parole at the time of the instant offense. (PSR ¶ 34).

A significant sentence of 46 months' imprisonment would emphasize to the defendant that no amount of involvement in illegal firearm or ammunition possession will be tolerated. Further, given his age and criminal history, a significant sentence at BOP would underscore the stakes for the defendant. That given this history, he cannot return to a life of crime, his prior gang affiliations and firearm possession after his release. Instead, he should take advantage of the programming available while incarcerated.

### C. Specific and General Deterrence

A significant sentence of imprisonment is warranted to deter others from continuing further criminal conduct while on parole and from becoming involved in illegally possessing firearms or ammunition. General deterrence must be considered for any individuals similar to the defendant's status, including repeat offenders of firearm-related charges. To continue to commit serious crimes while in violation of one's parole is simply unacceptable. While the defendant has served prison time before, those house of correction sentences obviously did not impress upon the defendant the necessity of conforming his conduct to the law.

Additionally, the dangers of possessing a firearm and ammunition - and bragging about said weapons on social media - are difficult to overstate. Individuals tempted to possess dangerous weapons must understand that any involvement will have immediate and harsh consequences. Imprisonment is necessary to send a strong warning to others who might consider similar conduct, to show that it is not worth the punishment.

Considerations of specific deterrence also supports the imposition of substantial incarceration. The defendant is no stranger to the danger and problems that his conduct brings. The sentence recommended by the government is hopefully sufficient to deter the defendant from returning to a life of possessing dangerous firearms, and that any continued criminal behavior will be met with serious consequences.

### D.  Conditions of Supervised Release

The government agrees that the defendant should be provided services and access to programs to assist with his re-entry to the community after his term of incarceration, and that the defendant participate in mental health and substance abuse treatment, as well as vocational services training programs, amongst the conditions of supervision.

## III.     CONCLUSION

The parties' joint recommendation of 46 months' imprisonment is a sufficient, but not greater than necessary, sentence to hold the defendant accountable for his crime. The recommendations to mental health and substance abuse treatment, as well as vocational services training programs, should afford the defendant the ability to move on with his life and give him some of the rehabilitative tools necessary to succeed during his subsequent three years of supervised release.

                                    Respectfully submitted,

                                    JOSHUA S. LEVY
                                    United States Attorney

By:    */s/ John T. Dawley, Jr.*
           John T. Dawley, Jr.
           Assistant U.S. Attorney

Dated:  April 29, 2024

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants.

      */s/ John T. Dawley, Jr.*
      John T. Dawley, Jr.
      Assistant United States Attorney

Dated:  April 29, 2024