UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 22-CR-10258-IT |
| | ) | |
| TYREEK HALL | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Mr. Hall stands before the court having pled guilty to a one count indictment charging Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1)

The factors found in § 3553(a) support the Defendant's sentencing recommendation as sufficient, but not greater than, necessary. This sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a) and will result in a sentence that is sufficient, but not greater than necessary, to effectuate the purposes of sentencing.  *United States v. Kimbrough*, 128 S.Ct. 558 (2007); *United States v. Booker*, 125 S.Ct. 738 (2005); *United States v. Martin*, 520 F.3d 87 (1st Cir. 2008); *United States v. Rodriguez*, 527 F.3d 221 (1st Cir. 2008).

I.  Nature and Circumstances of this Offense

There are several key reasons why the particular facts of this case warrant a slight downward variance from the guideline range of 57-71 months found by the probation department. Mr. Hall was arrested at a party shortly after his release from a state sentence, following a tip called in from another individual at the party that he had a firearm. While this conduct is serious, Mr. Hall's age and immaturity played a critical role in his decision making. There is no evidence that Mr. Hall threatened anyone at the party or otherwise used the firearm, other than displaying it.

While these factors mitigate the danger posed by, they also highlight the absurdity and arrogance of his behavior having just been released from custody.

    II.        History and Characteristics of the Defendant

This Court has likely sentenced men who come from backgrounds similar to Mr. Hall's and who have arguably seen worse in their lives. Mr. Hall has a devoted mother and grandmother who adore him and were able to provide for him, often filling in the gaps left by his father's incarceration. He is incredibly grateful for their unwavering support. However, they both have significant physical and financial limitations that prevent them from offering him more material support. His mother suffers from Lupus and cannot be in a direct caretaking role for Mr. Hall when he returns. When he returns to the community he will have to get a job and learn how to support himself.

This will be a difficult task for him where most of his formative years were spent in and out of jail. All of Mr. Hall's criminal history points were amassed before he reached the age of 20. He is now 21 years old and has been detained on this case since June of 2022.

After *Roper v. Simmons*,[1] Courts have been open to rethinking how and to what extent the development of the juvenile brain should affect appropriate sentencing and punishment. Citing *Atkins*, the Supreme Court found that juveniles can be "categorically less culpable than the average criminal."[2] The American Psychological Association, in a 2008 report, found that …[p]articularly before the age of 15, adolescents appear to display psychosocial immaturity in at least four areas: poor resistance to peer influence, attitudes toward and perception of risk, future orientation, and impulse control."[3] "The case for psychosocial immaturity during adolescence is

---

1 543 U.S. 551 (2005).
2 *Roper v. Simmons*, quoting from *Atkins v. Virginia*, 536 U.S. 304 (2002).
3 Russell Skiba et al., American Psychol. Assoc. Task Force, *Are Zero Tolerance Policies Effective in the Schools? An Evidentiary Review and Recommendations* 7 (2006). Internal citations omitted.

also supported by evidence from developmental neuroscience indicating that the brain structures of adolescents are less well developed than previously thought."[4] For a young person like Mr. Hall to experience significant childhood trauma and exposure to gang violence and firearms, the impact on his development is undeniable.

One of the reasons we request a below-guideline sentence of 46 months is because the data suggest that young people who are incarcerated suffer significant trauma and their path to returning to their communities as successful adults is riddled with more challenges. For example, he has not completed high school, obtained a GED and he has never been old enough, and in the community long enough, to have a full-time job. PSR ¶ 64&65.

III.   Guideline Range

We have no objection to the guideline range of 57-71 months found by the Probation Department, the PSR is consistent with the plea agreement, with a base offense level of 22, § 2K2.1, and a 3-point reduction for Mr. Hall's prompt acceptance of responsibility, § 3E1.1

The parties jointly propose a variance to 46 months due to Mr. Hall's mental health concerns and personal challenges, all described throughout the PSR ¶¶46-66, all of which were topics shared by the Defendant with the Government in advance of his plea and in anticipation of a joint recommendation. Coupled with this, the parties both agree that the sentence should be run concurrent with the sentence he owes to the Parole Commission, which we anticipate will be imposed in advance of this sentencing.

This is a critical component of the disposition as it will allow Mr. Hall to take advantage of programming within the Bureau of Prisons, pre-release to a Residential Reentry Center, and

---

http://www.apa.org/pubs/info/reports/zero-tolerance-report.pdf.
[4] *Id.*

apprise himself of other benefits of reentry programming. Otherwise, he will return to state custody at the conclusion of his federal sentence.

Conclusion

For these reasons, we ask this Court to sentence Tyreek Hall to 46 months, with 3 years of supervised release to follow.

                                TYREEK HALL
                                By his attorney

                                */s/ Jessica P. Thrall*
                                Jessica P. Thrall
                                #670412
                                Federal Defender Office
                                51 Sleeper Street, 5th Floor
                                Boston, MA 02210
                                617-223-8061

CERTIFICATE OF SERVICE

I, Jessica P. Thrall, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 30, 2024.

                                */s/ Jessica P. Thrall*
                                Jessica P. Thrall